COFFEY KAYE MYERS & OLLEY
BY:   ROBERT E. MYERS, ESQUIRE
IDENTIFICATION NO. 23762
BY:   MICHAEL J. OLLEY, ESQUIRE
IDENTIFICATION NO. 56118
Suite 718, Two Bala Plaza
Bala Cynwyd, Pennsylvania  19004
(610) 668-9800                                                              *Attorneys For:  Plaintiffs*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE A. PHILLIPS AND | : | CIVIL ACTION |
| KALITA PHILLIPS (H/W) | : | |
| 2819 S. 67th Street | : | |
| Philadelphia, PA  19142 | : | |
| | : | |
| Plaintiffs | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | NO.: |
| CORPORATION (AMTRAK) | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### COUNT I - FELA

1.     The plaintiff herein is Bruce A. Phillips, a citizen and resident of the State of Pennsylvania, residing therein at 2819 S. 67th Street, Philadelphia, PA 19142.

2.     This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, § 51 et seq., and further amended by the Act of

1

Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the

future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about May 12, 2015, at or about 9:23 p.m., the plaintiff was employed by Amtrak.

12. On the aforementioned date and at the aforementioned time, plaintiff was deadheading from Philadelphia to New York City and was located on Amtrak's Northeast Regional Train No. 188.

13. On the aforementioned date and at the aforementioned time, plaintiff was located on train No 188 for the convenience of Amtrak and to promote Amtrak's interstate railroad transportation services.

14. On the aforementioned date and at the aforementioned time, plaintiff was located on train No 188 for Amtrak's benefit and in furtherance of Amtrak's operational activities.

15. On the aforementioned date and at the aforementioned time, plaintiff was located in one of the rear railcars of train No. 188.

16. On the aforementioned date and at the aforementioned time, as a result of Amtrak's negligence and carelessness, and further as a result of its violation of federal statutes, federal

regulations, local statutes and ordinances, local regulations, and accepted industry rules, regulations, standards, and practices, train No. 188 and all of the cars of that train derailed at or near the Frankford Junction in or near the Port Richmond section of Philadelphia, Pennsylvania.

17. As a result of the aforementioned derailment, plaintiff was violently hurled about the railcar, striking his body on numerous parts of the railcar interior, before slamming onto the floor, as a result of which he sustained the serious and permanent personal injuries set forth herein.

18. At no time did the plaintiff act in a negligent, careless, or improper manner and the entire accident and derailment was caused by Amtrak's actions and inactions.

19. The negligence of Amtrak, individually and/or through its agents, servants, workmen and/or employees, included but is not limited to, failing to properly and safely operate the train, operating the train at an excessive speed; operating the train at a speed and in a manner that was unsafe in light of the geographic conditions and the train and track configuration; failing to have sufficient personnel to safely operate the train; failing to provide available, necessary and appropriate systems to slow and/or stop the train, if and/or when the engineer failed to properly operate the train and/or failed to operate it at a safe speed under the circumstances and/or when other circumstances caused the train to operate at an unsafe speed; failing to properly promulgate and enforce necessary timetables, bulletins, rules and instructions for the safe operation of the train; its failure to make certain that the train was being operated safely; its failure to properly train and instruct the train crew on safe train operations, particularly at or near the accident site; its failure to properly oversee and control the movement of the train; operating the train in an area of curved track at twice the legal track speed limit; and failure to warn plaintiff of these dangerous conditions.

20. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," the Federal Locomotive Inspection Act and the Federal Safety Appliances Act, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

21. As a result of the aforesaid accident, plaintiff sustained severe injuries to his body. More specifically, plaintiff sustained traumatic brain injury, multiple contusions and lacerations of the body, and multiple orthopedic and neurological injuries. Furthermore, plaintiff has sustained emotional trauma. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT II- BRUCE A. PHILLIPS - COMMON LAW CLAIMS

22. The plaintiff herein is Bruce A. Phillips, a citizen and resident of the Commonwealth of Pennsylvania residing therein at 2819 S. 67th Street, Philadelphia, PA 19142.

23. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America with its principal place of business located in Washington, D.C.

24. The jurisdiction of this Court is based upon 28 U.S.C. § 1331, federal question jurisdiction, because Amtrak was created and is regulated by the laws of the United States.

25. The jurisdiction of this Court is further based upon 28 U.S.C. § 1332, diversity of citizenship jurisdiction, because the plaintiffs are citizens of the Commonwealth of Pennsylvania and the defendant is a citizen of the District of Columbia.

26. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

27. At all times material hereto Amtrak was a common carrier for hire and plaintiff was an employee, passenger and business invitee on its train.

28. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

29. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

30. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

31. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

32. On or about May 12, 2015, at or about 9:23 p.m., the plaintiff was employed by Amtrak.

33. On the aforementioned date and at the aforementioned time, plaintiff was dead-heading from Philadelphia to New York City and was located on Amtrak's Northeast Regional Train No. 188.

34. On the aforementioned date and at the aforementioned time, plaintiff was located on train No 188 for the convenience of Amtrak and to promote Amtrak's interstate railroad transportation services.

35. On the aforementioned date and at the aforementioned time, plaintiff was located on train No 188 for Amtrak's benefit and in furtherance of Amtrak's operational activities.

36. On the aforementioned date and at the aforementioned time, plaintiff was located in one of the rear railcars of train No. 188.

37. On the aforementioned date and at the aforementioned time, as a result of Amtrak's negligence and carelessness, and further as a result of its violation of federal statutes, federal regulations, local statutes and ordinances, local regulations, and accepted industry rules, regulations, standards, and practices, train No. 188 and all of the cars of that train derailed at or near the Frankford Junction in or near the Port Richmond section of Philadelphia, Pennsylvania.

38. As a result of the aforementioned derailment, plaintiff was violently hurled about the railcar, striking his body on numerous parts of the railcar interior, before slamming onto the floor, as a result of which he sustained the serious and permanent personal injuries set forth herein.

39. At no time did the plaintiff act in a negligent, careless, or improper manner and the entire accident and derailment was caused by Amtrak's actions and inactions.

40. The negligence of Amtrak, individually and/or through its agents, servants, workmen and/or employees, included but is not limited to, failing to properly and safely operate the train, operating the train at an excessive speed; operating the train at a speed and in a manner that was unsafe in light of the geographic conditions and the train and track configuration; failing to have sufficient personnel to safely operate the train; failing to provide available, necessary and appropriate systems to slow and/or stop the train, if and/or when the engineer failed to properly operate the train and/or failed to operate it at a safe speed under the circumstances and/or when other circumstances caused the train to operate at an unsafe speed; failing to properly promulgate and enforce necessary timetables, bulletins, rules and instructions for the safe operation of the train; its failure to make certain that the train was being operated safely; its failure to properly train and instruct the train crew on safe train operations, particularly at or near the accident site; its failure to properly oversee and control the movement of the train; operating the train in an area of curved track at twice the legal track speed limit; and failure to warn plaintiff of these dangerous conditions.

41. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of the Federal Locomotive

Inspection Act and the Federal Safety Appliance Act, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

42. As a result of the aforesaid accident, plaintiff sustained severe injuries to his body. More specifically, plaintiff sustained traumatic brain injury, multiple contusions and lacerations of the body, and multiple orthopedic and neurological injuries. Furthermore, plaintiff has sustained emotional trauma. The full extent of plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III – KALITA PLAINTIFF – LOSS OF CONSORTIUM

43. All the averments contained in Count II are incorporated herein as if set forth at length.

44. The plaintiff herein is Kalita Phillips, a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 2819 S. 67th Street, Philadelphia, PA 19142.

45. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America with its principal place of business located in Washington, D.C.

46. The jurisdiction of this Court is based upon 28 U.S.C. § 1331, federal question jurisdiction, because Amtrak was created and is regulated bpy the laws of the United States.

47. The jurisdiction of this Court is further based upon 28 U.S.C. § 1332, diversity of citizenship jurisdiction, because the plaintiffs are citizens of the Commonwealth of Pennsylvania and the defendant is a citizen of the District of Columbia.

48.     As a result of the injuries sustained by husband-plaintiff as aforesaid, wife-plaintiff has been deprived of the society, companionship and consortium of her husband-plaintiff herein, and she will be deprived of the same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT IV – HUSBAND AND WIFE – PUNITIVE DAMAGES

45.     The plaintiffs incorporate the averments contained in Counts II and III as set forth herein at length.

46.     At all times material hereto, the defendant, acted in an outrageous, willful and grossly reckless manner.

47.     At all times material hereto, the defendant, acted with a wanton disregard and reckless indifference to the rights and welfare of the plaintiffs herein, including but not limited to operating the train on curved track at twice the legal track speed limit.

48.     At all times material hereto, the defendant, acted with a wanton disregard and reckless indifference to the rights and welfare of the passengers located on train No. 118 on or about May 12, 2015 at or about 9:23 p.m.

49.     As a result of the outrageous, willful and grossly reckless conduct of the defendant, in which there was a wanton disregard and reckless indifference to the rights and welfare of the plaintiff herein, plaintiff is entitled to punitive damages against the defendant.

WHEREFORE, plaintiffs each claim of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: _____
ROBERT E. MYERS, ESQUIRE
Counsel for Plaintiffs

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY, ESQUIRE
Counsel for Plaintiffs